IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MUDDY BOYS INC.,<br><br>Plaintiff,<br><br>vs.<br><br>J. BALLARD HOMES, INC.; BLUE DIAMOND SARATOGA CHASE, LLC; BARNES BANKING COMPANY; SUNROC CORPORATION; MICHAEL LEAVITI, Trustee; BANK OF AMERICA, N.A.; STEWART T. MATHESON, Trustee; JOSEPH ROBERT BERRY; CHRISTOPHER LAMB; DIRECT MORTGAGE, CORP; TITLE WEST TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; SC HOMES II, LLC; and JOHN DOES 1-50,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br>Case No. 2:10-CV-441 TS |

This matter is before the Court on: Plaintiff Muddy Boys Inc.'s ("Muddy Boys" or "Plaintiff") Motion for Summary Judgment;[1] Movant Fidelity National Title Insurance's ("Fidelity") Motion to Intervene and Substitute as Co-Plaintiff with Regard to Claims Concerning Lots 1-6, 84, 85, and 87;[2] Defendant Federal Deposit Insurance Corporation's ("FDIC-Receiver") Rule 56(d) Motion;[3] and a Stipulated Motion to Dismiss Party FDIC as Receiver for Barnes Banking Company.[4]  Each Motion will be addressed in turn.

---

[1] Docket No. 34.

[2] Docket No. 46.

[3] Docket No. 54.

[4] Docket No. 68.

I. MOTION TO INTERVENE

Plaintiff filed its Motion for Summary Judgment on April 28, 2011. Prior to the Defendants filing of any opposition to Plaintiff's Motion, Plaintiff assigned its claims to lots 1-6, 84, 85, and 87 to Fidelity.[5] Fidelity then filed its Motion to Intervene and Substitute as Co-Plaintiff with Regard to Claims Concerning Lots 1-6, 84, 85, and 87.[6] Fed.R.Civ.P. 25(c) states: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Plaintiff consented to this intervention,[7] it has not been opposed by any other party, and Fidelity has met the Rule 25(c) requirements. Therefore, the Court will grant this Motion.

II. STIPULATED MOTION TO DISMISS

On January 4, 2012, Plaintiff and Defendant FDIC-Receiver filed a joint, stipulated Motion to Dismiss all claims between them and to dismiss Defendant FDIC-Receiver from this action.[8] The parties reached an agreement for settlement with respect to all claims; specifically, this includes Muddy Boys' lien foreclosure claims with respect to lots 64, 65, 66, and 70.[9] The Court will grant this Motion.

---

[5]Docket No. 47, at 1.

[6]Docket No. 46.

[7]Docket No. 46, at 2.

[8]Docket No. 68.

[9] *Id.* at 2.

III. MOTION FOR SUMMARY JUDGMENT

On April 28, 2011, Plaintiff filed a Motion for Summary Judgment on all claims before the Court.  Plaintiff's subsequent assignment and the settlement agreement resolve Muddy Boys' lien foreclosure claims, making the Motion moot with respect to those claims.  The remaining claim on this Motion is for breach of contract against Defendant J. Ballard Homes ("Ballard").  Plaintiff submitted a statement of undisputed facts with its Motion for Summary Judgment.[10]  Although served in the removed state-court action,[11] Ballard has not appeared before this Court and did not respond to Plaintiff's Motion or dispute these facts.  Although the Motion is unopposed, the Court will not grant it unless Plaintiff has met its burden of production and demonstrates that it is legally entitled to judgment under Fed.R.Civ.P. 56.

A.   LEGAL STANDARD

When a nonmoving party fails to respond to a motion, the court still must examine the motion to determine if the moving party has met its initial burden of demonstrating that no material issues of fact remain for trial and that the moving party is entitled to judgment as a matter of law.[12]  If it has not, summary judgment is not appropriate because "[n]o defense to an insufficient showing is required."[13]

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[14]  The party seeking

---

[10]Docket No. 35, at 3-11.

[11]Docket No. 67.

[12]*Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002).

[13]*Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970)).

[14]*See* Fed.R.Civ.P. 56(a).

summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.[15] "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial."[16] An issue is a "genuine issue for trial" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[17]

B.      UNDISPUTED FACTS

Plaintiff contracted with Defendant Ballard to provide drywall material and services to various properties owned by Ballard.[18] Ballard submitted signed purchase orders requesting that Plaintiff provide materials and services to the homes.[19] After completing the orders, Plaintiff then sent invoices to Ballard.[20] Ballard has not paid the principal amount of $199,855.29 for the materials and labor provided by Plaintiff.[21] Plaintiff has met its initial burden by citing to the record to support these findings and Ballard has not appeared before the Court to dispute these facts.

---

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[16] *Sally Beauty Co., Inc., v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002).

[17] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[18] Docket No. 35, at 18-19; Docket No. 36 at 2.

[19] Docket No. 36 at 4; *see also* Docket No. 36 Ex. B.

[20] Docket No. 36, at 5; *see also id.* Exs. D-I.

[21] Docket No. 36, at 5-10; *see also id.* Exs. D-I.

C.   ANALYSIS

"The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[22] Furthermore, "[w]hen the existence of a contract and the identity of its parties are not in issue and when the contract provisions are clear and complete, the meaning of the contract can appropriately be resolved by the court on summary judgment."[23]

In support of its breach of contract claim, Plaintiff provided the pricing agreements, purchase orders, service invoices, and the sworn affidavit of Ray Taylor, owner of Muddy Boys.[24] The Court has thoroughly reviewed these documents, which show that there was a contract between Plaintiff and Ballard,[25] that Plaintiff performed its duties under the contract,[26] and that Ballard did not pay Plaintiff for the material and labor provided under the contract.[27] Further, nothing in the record indicates that Ballard contested the invoices as misstating the amount due or as being otherwise improper. As a result of this breach, Plaintiff has been damaged by not receiving the $199,855.29 due under the contracts. Based on the foregoing undisputed facts, the Court concludes that Plaintiff has met its burden and therefore is entitled to summary judgment on this claim.

---

[22] *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 392 (Utah 2001) (citing *Nuttall v. Berntson*, 30 P.2d 738, 741 (Utah 1934)).

[23] *Morris v. Mountain States Tel. & Tel. Co.*, 658 P.2d 1199, 1201 (Utah 1983).

[24] Docket No. 36.

[25] Docket No. 36 at 4, Ex. B.

[26] *Id.*

[27] Docket No. 36, at 5-10, Exs. D-I.

IV. RULE 56(d) MOTION

In addition to its response to Plaintiff's Motion for Summary Judgment, Defendant FDIC-Receiver filed a Rule 56(d) Motion[28] requesting that the Court not rule on Plaintiff's Motion until adequate discovery is complete. However, in light of the settlement agreement, the Court will dismiss the claims against Defendant FDIC-Receiver. Therefore, this request is moot.

V. CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Defendant Fidelity's Motion to Intervene and Substitute as Co-Plaintiff with Regards to Claims Concerning Lots 1-6, 84, 85, and 87 (Docket No. 46) is GRANTED. It is further

ORDERED that Plaintiff and Defendant FDIC-Receiver's Motion to Dismiss Defendant Federal Deposit Insurance Corporation as Receiver for Barnes Banking Company (Docket No. 68) is GRANTED. It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 34) is GRANTED IN PART and DENIED AS MOOT IN PART. It is further

ORDERED that Defendant FDIC-Receiver's Rule 56(d) Motion (Docket No. 54) is DENIED AS MOOT.

DATED January 6, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[28] Docket No. 54.